**LAKE LUMBER COMPANY, a Corporation, Plaintiff, v. WATSON et, Defendants.**

Common Pleas Court, Licking County.

No. 42106. Decided January 3, 1956.

J. Dale McNamar, Newark, on behalf of plaintiff.

Joseph Fitzgibbon, James M. Schaller, Jr., Newark, on behalf of defendant Watson.

Winston C. Allen, Newark, on behalf of defendant, C. S. Blauser.

## OPINION

By HOLTSBERRY, J.

This case was submitted to the Court upon the evidence and briefs of counsel. Questions before the Court concern the priority of two

mechanics liens and a mortgage upon real estate in Licking County, Ohio.

It must be conceded that the mortgage was properly filed and that the necessary statutory steps were taken in perfecting the two mechanics liens.

The mortgage in question was dated and filed with the Licking County Recorder October 14, 1954, and four days later, to-wit: October 18, 1954, the mechanics lien of The Lake Lumber Company was dated and filed. The first of the materials furnished under said lien by The Lake Lumber Company were furnished August 31, 1954.

The other lien holder, C. S. Blauser drilled a well on said premises and the last labor he performed in drilling said well was furnished on June 23, 1953. He filed his affidavit for lien with the County Recorder on August 20, 1953, which was within 60 days from the date the last labor was furnished.

Mortgagee contends that the mortgage is a prior lien. The Lake Lumber Company contends that its lien should be prior to the mortgage, and co-equal with the Blauser lien. Blauser contends that his lien is prior to all others.

The Court, keeping in mind the various dates and facts found from the evidence has carefully reviewed the mechanics lien law of Ohio. The mechanics lien law should be liberally construed to effect the end it was intended to accomplish. Loss should not fall upon those whose labor and materials enhance the value of property of another. The right of such lien apparently unknown to the Common Law does seem to have been recognized by the early Roman civil law. In America the idea of protection by lien probably originated with statesmen in early American history, to encourage building the new capital city in Washington.

Present day statutes seek to do justice between all parties, while earlier statutes were loosely drawn and sometimes resulted in injustice. Our present statute was adopted from the Michigan statutes. Therefore Michigan decisions have been helpful to Ohio courts in questions involving interpretation.

A mortgage takes effect from the time of delivery to the recorder of the proper county for record. Mechanics' liens arising in any particular job date from the time the first work was done. A mortgage filed for record prior to commencement of work on a construction project on land covered by the mortgage takes priority over contractors and materialmen's liens subsequently acquired. Conversely, a mortgage filed for record where work is commenced is inferior to liens subsequently acquired where it is apparent the work began at the time the mortgage is filed. (Rider v. Crobaugh, 100 Oh St 88.)

The Lake Lumber Company having filed its mechanics lien within 60 days from the date the last material was furnished on September 7. 1954, and having served a copy of the affidavit as required by law, it must be concluded that The Lake Lumber Company lien takes priority over the mortgage to the William H. Watsons. The Lake Lumber Company is entitled to judgment in the amount of $445.77, with interest from September 7, 1954.

Blauser properly perfected his lien on August 20, 1953, which was around 14 months prior to the date and filing of the mortgage. Naturally, Blauser's lien is prior to the mortgage, and he further claims priority over the lien asserted by The Lake Lumber Company.

Sec. 1311.13 R. C., provides that if several liens are obtained by several persons on the **same job,** they have no priority among themselves **except liens by persons performing manual labor** for priority to the extent of labor performed during the 30 days immediately preceding the performance of the last labor.

It is the opinion and finding of fact by this Court that the Blauser well drilling was not the "same job," since the defendant Blauser had completed his work around 14 months prior to the plaintiff furnishing the materials to add rooms to the present structure on said premises. Further, Blauser's claim is largely based upon labor. It is therefore the opinion of this Court that the Blauser lien takes priority over not only the mortgage, but also the lien of the Lake Lumber Company.

The Court finds the amount of the Blauser lien to be $101.13, with interest from June 23, 1953.

The holders of these mechanics liens ask that their liens be satisfied or that the real estate be sold to satisfy same, and this Court will approve an entry ordering such.