A. G. Sharp Lumber Company, Plaintiff-Appellant, *v.*
Manus Homes, Inc., et, Defendants-Appellees.

Ohio Appeals, Seventh District, Mahoning County.

Nos. 4134, 4135, 4136, 4137, 4138, 4139.   Decided June 6, 1961.

*Messrs. Friedman & Rummell*, for plaintiff-appellant.
*Mr. Robert O. Jones*, for defendant-appellee, Home Savings
& Loan Company.
*Mr. Paul E. Stevens*, for United Construction Company, de-
fendant-appellee.

Brown, P. J.   This action is before us de novo upon plain-
tiff-appellant's petition for judgment upon a cognovit note and
for foreclosure of plaintiff's mortgage upon the parcels of
real estate described in the petition in this case and in Mahoning

County Common Pleas case numbers 4135, 4136, 4137, 4138 and 4139. Each of these cases involved the same parties, the same facts, the same questions. They were decided as one case in the trial court, by agreement, and are for the same reason treated as one case in this court in this appeal on law and fact. The various defendants are parties for the purpose of requiring each to set forth its claim. This court must find the extent of the obligation of the defendant, Manus Homes, to the plaintiff and each of the defendants, and determine the priorities of lien of each of the claimants on the real estate described. This should be a simple matter since all instruments are regular in form and were properly recorded.

The plaintiff-appellant claims that the holder of the mortgage first recorded, The Home Savings & Loan Company of Youngstown, Ohio, is not entitled to its first position. Plaintiff-appellant bases its contention upon the fact that the first mortgage of The Home Savings & Loan Company was for a construction loan, that The Home Savings and Loan Company is required by Section 1311.14, Revised Code, and by Section 1151.29.2, Revised Code, to use the funds for that purpose only or to forfeit its priority.

It is agreed that the funds were not so used but that some were transferred to account "due borrower" and were by the lender charged or by the borrower assigned as follows:—

| | | |
|---|---|---|
| 1. Revenue stamps | $ 3.30 | |
| 2. Loan charges | 150.00 | |
| 3. Disbursement to Manus Homes | 1,000.00 | |
| 4. Committed to United Construction Company | 2,655.56 | plus interest |
| 5. Interest due Home Savings & Loan Company | 882.83 | |

The item "committed to United Construction Company" was accomplished by the written assignment of Manus Homes to United Construction Company of a portion of the "due borrower" account. This assignment was delivered to United Construction Company as the sole consideration for its transfer to Manus Homes of the subject lots, which were thereupon

mortgaged to the Home Savings & Loan Company. This assignment ante-dated all of the other transactions. There was no attempt to conceal this transaction; the reasons for it were proper. For a court to refuse to honor this assignment as a final commitment of these funds as purchase money would be to allow undue enrichment of A. G. Sharp Lumber Company at the expense of United Construction Company, the original owners of the lots.

Section 1311.14, Revised Code, relied on by the plaintiff-appellant, has no bearing on the priority of a mortgage filed for record before construction has started or as between various mortgages upon the same premises. *Rider* v. *Crobaugh*, 100 Ohio St., 88, at page 98; *In re: Taylor*, 20 Federal (2nd), 8; *Lake Lumber Company* v. *Watson*, 72 Ohio Law Abs., 220; *Connecticut General Life Insurance Company* v. *Birzer*, 61 Ohio Law Abs., 477; *First Federal Savings & Loan Assn.* v. *Robbins*, 23 Ohio Opinions, 110; *Geer* v. *Tuggle*, 22 Nisi Prius (n. s.), 129, 29 Ohio Decisions, 552. See also 36 Ohio Jurisprudence (2d), 569 and following.

Section 1151.292, Revised Code, was enacted for the purpose of setting up general rules and regulations governing banking and loan associations. Its purpose was not to make mortgages or other instruments accepted by them for security void or incapable of attaining priority over other lien holders.

In the instant case the priorities which we are attempting to find are governed by Section 5301.23, Revised Code. *Kuhn* v. *The Southern Ohio Loan & Trust Company*, 101 Ohio St., 34.

It is our judgment and decree that The Home Savings and Loan Company has a valid first mortgage in each cause for the full amount of its claim with interest to date and including the commitment made by it to the United Construction Company and all interest. The Sharp Lumber Company has the second mortgage and is entitled to payment of its claim of $3,000.00 with interest in full but subject to the claim of The Home Savings and Loan Company as stated. The defendant Myron Wormley is found to have third priority in the amount of $1,234.51 with interest. The United Construction Company is found to have fourth priority for its claim, which is found to be valid in the sum of $19,982.90, with interest.

Said lienholders are entitled to judgments for the amounts stated and to a decree of foreclosure and sale as prayed for in the pleadings in accordance with the above order of priority and as to all parcels described. Journal entry is to be provided with specific findings as to principal and interest in line with the court's opinion, and the cause is thereupon remanded to the Common Pleas Court for further proceedings.

DONAHUE and GRIFFITH, JJ., concur.